UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHONTA L. DANIEL,

        Plaintiff,                          Case Number 19-12167
                                                        Honorable David M. Lawson
v.                                                     Magistrate Judge Patricia T. Morris

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

      Plaintiff Ashonta L. Daniel filed the present action seeking review of the Commissioner's decision denying her claim for Supplementary Security Income benefits (SSI) under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Patricia T. Morris under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for an award of benefits or for further consideration by the administrative law judge (ALJ). The defendant filed a motion for summary judgment to affirm the decision of the Commissioner. Judge Morris filed a report on April 30, 2020, recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed timely objections, and the defendant filed a response. The matter is now before the Court.

-1-

Daniel, who is now 40 years old, filed her application for SSI on July 7, 2017, when she was 38. About a month later, she filed an application for disability insurance benefits but ultimately withdrew it and does not seek review of that claim in this case. She has not worked since around 2003, when she had a job as a medical records clerk during her summer break from college. She earned a bachelor's degree in criminal justice in 2004. Daniel's main complaint is severe migraine headaches, which, she testified, plague her at least half the days of each month. She also suffers from arthritis and degenerative joint disease, which affect her neck, wrists, lower spine, feet, and knees.

Daniel's application for disability benefits was denied initially by the state disability determination service, and she timely filed a request for an administrative hearing. On November 14, 2018, she appeared before ALJ Patricia McKay, who heard testimony from Daniel and a vocational expert. In her claim for benefits, the plaintiff had alleged a disability onset date of November 1, 2007, but during the hearing she amended that date to July 1, 2015. On February 2, 2019, ALJ McKay issued a written decision in which she found that Daniel was not disabled. The Appeals Council denied Daniel's request for review of the ALJ's decision, and Daniel filed her complaint for judicial review.

ALJ McKay determined that Daniel was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920. She found that Daniel had not engaged in substantial gainful activity since July 1, 2015, the amended alleged onset date (step one); Daniel suffered from degenerative disc disease of the cervical spine, arthritis of L5-S1, chronic migraines with a Chiari malformation and a small polyp within the right sphenoid sinus,

osteoarthritis of the bilateral knees with obesity, and degenerative joint disease of the radiocarpal joints, impairments that were "severe" within the meaning of the Social Security Act (step two); and none of the severe impairments alone or in combination met or equaled a listing in the regulations (step three).

Before proceeding further, the ALJ determined that Daniel retained the functional capacity to perform a full range of sedentary work as defined in 20 CFR § 416.967(a), with certain limitations, that is, she could climb stairs, crouch, crawl, kneel, stoop, and bend only occasionally; she must avoid workplace hazards such as dangerous, moving machinery and unprotected heights, and therefore could not climb ladders, ropes, or scaffolds; she could engage in frequent grasping or gross manipulation with bilateral upper exterminates; and she is limited to self-paced, low-stress work, where the job duties are not interdependent with those of co-workers.

After recognizing that Daniel had no past relevant work (step 4), the ALJ found at step five of the analysis, based on testimony presented by a vocational expert, that there are jobs in the national economy that the plaintiff could perform, including sorter (over 55,000 such jobs in the national economy), final assembler (over 50,000 jobs), and document preparer (over 64,000 jobs). The ALJ concluded, therefore, that Daniel was not disabled within the meaning of the Social Security Act.

In her motion for summary judgment, Daniel argued, first, that the ALJ's residual functional capacity (RFC) determination was not supported by substantial evidence because it was inconsistent with the medical opinions and not based on any other evidence in the record. Daniel focused on the finding that she could sit for six hours in an eight-hour workday and could grasp

items "frequently" throughout a workday. Her treating physicians opined otherwise, and Daniel argued that the ALJ improperly rejected their opinions. Second, Daniel argued that the RFC failed to account for the severe limitations caused by her persistent and debilitating migraine headaches, which, she testified, come on at least sixteen times each month and last for hours or days.

Judge Morris rejected the first argument, which was grounded in the now-repealed treating physician rule. *See* 20 C.F.R. § 416.920c; *Purdy v. Berryhill*, 887 F.3d 7, 13 n.8 (1st Cir. 2018). Judge Morris also noted that no bright-line rule exists within the Sixth Circuit directing that an RFC determination must be based on a medical opinion; rather, the ALJ must connect the evidence relied on to the conclusion reached. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019). The Sixth Circuit's case law does not require an ALJ's RFC finding to correspond to a particular physician's opinion. Judge Morris suggested that a survey of the ALJ's decision reveals that she adequately connected the evidence relied on and the conclusion reached as to the RFC determinations about Daniel's ability to sit and grasp.

The Magistrate Judge dispatched Daniel's second argument by referring to Daniel's statement in the record that stress is a trigger for her migraines, noting that the RFC limited the range of work to "self-paced, low-stress work."

The plaintiff filed two objections to the Magistrate Judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the

-4-

court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

First Objection

In her first objection, Daniel argues that the magistrate judge concluded erroneously that the ALJ's RFC determination was supported by substantial evidence. She softens her previous argument that the ALJ improperly rejected the opinions of the treating and consulting physicians relating to the plaintiff's exertional limitations. But she insists that when determining that the plaintiff could perform a range of sedentary work, the ALJ should have relied on *some* medical evidence supporting the idea that the plaintiff could sit for six hours in an eight-hour workday, as the regulations require. *See* 20 C.F.R. § 416.967(a).

To start, it is useful to remember that the Court's task in reviewing a Social Security disability determination is a limited one. The ALJ's findings are conclusive if they are supported

by substantial evidence, according to 42 U.S.C. § 405(g). Consequently, the Court's review is confined to determining whether the correct legal standard was applied, and whether the findings are supported by substantial evidence on the whole record. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).

The ALJ in this case acknowledged the level of severity that Daniel described when testifying about her limitations, but she concluded that "the evidence does not confirm or support [those] disabling symptoms." Tr. 24, ECF No. 9-2, PageID.56. That conclusion was preceded by a thorough discussion of the evidence, including the treatment records from Daniel's doctors. The ALJ discussed the results of several diagnostic tests, prescriptions of medications, and reports that symptoms had improved, and noted a medical opinion by Dr. Bruce Kole that the imaging studies did not reveal any condition that would have caused the symptoms Daniel described. *Id.* at 21-22, PageID.53-54. The ALJ noted several normal findings reported by Dr. Michael Williams from examinations that he conducted after the alleged onset date. And the ALJ took note that the care prescribed was "conservative," that "objective evidence has shown no remarkable or disabling findings," and that the plaintiff declined suggested palliative care and admitted noncompliance with recommendations to lose weight. *Id.* at 21, PageID.53.

This evidence supports that ALJ's RFC determination that Daniel could perform sedentary work. Jobs are sedentary if walking and standing are required "occasionally" and other sedentary criteria set forth in the regulations are met. 20 C.F.R. § 404.1567(a) (2002) ("Sedentary work involves lifting no more than ten pounds at a time and occasionally carrying articles like docket files, ledgers, and small tools. . . ."). According to Social Security ruling (SSR) 83-10,

> "[o]ccasionally" means occurring from very little up to one-third of the time. Since being on one's feet is required "occasionally" at the sedentary level of exertion, periods of standing or walking should generally total no more than 2 hours of an 8-hour work day, and sitting should generally total approximately 6 hours of an 8-hour work day. Work processes in specific jobs will dictate how often and how long a person will need to be on his or her feet to obtain or return small articles.

It is true that treating physician Dr. Williams and consulting physician Dr. Glenn Douglass both opined that Daniel could not sit for six hours in an eight-hour day. The ALJ rejected those opinions as inconsistent with the records she had discussed in the decision. That left no medical source supporting the exertional finding in the RFC. But the ALJ's RFC finding need not correspond to a particular physician's opinion, *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the argument that the ALJ is required to base her determination on a physician's opinion), and "[n]o bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019).

Daniel's response that without the doctor's opinions, no evidence remains that she *could* perform sedentary work ignores the fundamental reality that the plaintiff bears the burden to prove that she is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Although she testified to limitations consistent with disability, the ALJ pointed to evidence in the record that was inconsistent with Daniel's testimony, which undermined her assertions and resulted in the conclusion that she did not meet her burden. The evidence the ALJ cited was "substantial." "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Although there was other evidence that, if accepted, could have propelled the conclusion in another direction, it provides no help to Daniel at this level because the role of the Court "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright,* 321 F.3d at 614. Therefore, the Court "may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

The first objection will be overruled.

### 2. Second Objection

Daniel next contends that the magistrate judge mishandled her argument that the limitation in the RFC to low-stress work was insufficient to address her severe impairment caused by the recurrent migraine headaches. She criticizes the conclusion that stress was the sole trigger for the migraines, attributing the error to taking out of context a statement in her function report that she does not handle stress well because it causes the migraines. Daniel acknowledges that the stress-related limitations were appropriate, but she argues that the ALJ should have included additional limitations in the RFC because her frequent migraines undoubtedly had more triggers than stress.

"[R]esidual functional capacity is the most [a claimant] can still do [in a work setting] despite [her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ's specific determination of RFC must be supported by substantial evidence, but the claimant bears the burden of demonstrating the need for a more restrictive RFC. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008)

(noting that "[t]he claimant . . . retains the burden of proving her lack of residual functional capacity") (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir. 1999)). The ALJ concluded that the plaintiff's migraine headaches did not limit her ability to work as severely as she described in her testimony. To support that conclusion, the ALJ pointed to the lack of objective medical evidence that might support that impairment, testimony that Daniel suffered from migraines for 16 years, and evidence that her migraines did not prevent her successful matriculation through college. The ALJ concluded that "the impairments . . . do cause some degree of limitation; however, it is not to the extent alleged. These limitations have been accounted for in the residual functional capacity assessment." Tr. 23, ECF No. 9-2, PageID.55. For the reasons discussed above, this conclusion is supported by substantial evidence.

The plaintiff's second objection will be overruled.

* * * * * * * * *

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion. The Court has considered the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the Magistrate Judge's report and recommendation (ECF No. 15) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 16 ) are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 11) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 13) is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   August 20, 2020